UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIN EILER,**<br><br>      **Plaintiff,**<br><br>v.<br><br>**CITY OF PANA,**<br><br>      **Defendant.** | Case No. 14-3063 |

**REPORT AND RECOMMENDATION**

      Pro se Plaintiff Erin Eiler brings claims of age, disability, race, and sex discrimination against the City of Pana, arising from the City's refusal to hire her. On June 9, 2014, she filed a Motion to Join Additional Parties (#12), in which she seeks to add the Illinois Department of Human Rights (IDHR) and the Equal Employment Opportunity Commission (EEOC) as Defendants. Plaintiff explains her motion as follows: "I have appealed my complaint through these two parties prior to filing a claim within this Court. The complaint remained unresolved. Therefore, I make this request to adjoin these two parties as defendants to this case." (#12, p. 1.)

      The deadline for joinder of parties was June 5, 2014, but Plaintiff filed her motion close enough to the deadline that the Court will still consider it. Federal Rule of Civil Procedure 15 instructs that courts should freely grant leave to amend "when justice so requires." FED. R. CIV. P. 15(a)(2). Nonetheless, courts need not grant leave to amend where amendment would be futile. *See Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).

      The Court recommends that Plaintiff's motion to add the IDHR and the EEOC as Defendants be denied as futile because she does not state a claim against them. The EEOC issued Plaintiff notice of her right to sue on November 18, 2013, and closed her case. (#1, pp. 2, 5.) Plaintiff chose to exercise her private right to sue in this Court. The EEOC and the IDHR have no control over the pace of Plaintiff's case in this Court and cannot affect its resolution.

Therefore, the Court recommends that Plaintiff's Motion to Join Additional Parties **(#12)** be **DENIED**.

The parties are advised that any objection to this recommendation must be filed in writing with the clerk within 14 days after being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

ENTERED this 3rd day of July, 2014.

                                                   s/DAVID G. BERNTHAL
                                           UNITED STATES MAGISTRATE JUDGE