E-FILED
Monday, 20 October, 2014  09:40:50 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| ERIN EILER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 14-CV-3063 |
| | ) | |
| CITY OF PANA, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Plaintiff Erin Eiler filed a Complaint (#1) on February 20, 2014, alleging age, race, sex, and disability discrimination.  On September 8, 2014, Defendant City of Pana filed a Motion for Judgment on the Pleadings (#21).  Plaintiff filed her Response (#24) on October 6, 2014.  This court has carefully reviewed the documents and pleadings submitted with regard to Defendant's motion.  Following its review, this court concludes that Defendant's Motion for Judgment on the Pleadings (#21) should be GRANTED.

## BACKGROUND

On February 21, 2012, Plaintiff applied for a job with Defendant as a water plant operator.  As part of her application, Plaintiff submitted a copy of a form entitled "Certificate of Release or Discharge from Active Duty."  At the bottom of the form, a section noted that the reason for Plaintiff's discharge was "Disability, Severance Pay." Plaintiff was not granted an interview, and received a letter of denial from Defendant on April 25, 2012.

On September 5, 2012, Plaintiff filed a claim of discrimination with the Illinois Department of Human Rights (IDHR) and the United States Equal Employment Opportunity Commission (EEOC). Plaintiff alleged that she was not hired by Defendant due to her military status and her mental or medical disability. On September 25, 2012, Plaintiff filed a second claim with the IDHR and EEOC, alleging disability discrimination and sex discrimination. However, following a written request from Plaintiff, the second claim was withdrawn on August 28, 2013.

On November 18, 2013, the EEOC issued dismissal notices with regard to both claims filed by Plaintiff. The notices stated that the EEOC was unable to conclude that the information obtained established a violation by Defendant. However, both notices granted Plaintiff the right to sue Defendant in federal or state court. On February 20, 2014, Plaintiff filed a Complaint (#1) in this court, alleging that by not offering her an interview, Defendant discriminated against her based on age, race, sex, and disability. When asked to briefly state the essential facts of her claim, Plaintiff wrote:

> Plaintiff applied to position of Water Plant Operator on or about February 21, 2012 with City of Pana. Plaintiff submitted a copy of a military DD214 form for hiring preference as a Veteran. The DD214 designates a disability status as reason for military discharge. The Plaintiff has a BS in Chemistry but was not chosen to interview or proceed in employment. Plaintiff received a letter of denial from City of Pana dated on or about April 25th, 2012.

On September 8, 2014, Defendant filed the instant Motion for Judgment on the Pleadings (#21). In it, Defendant argues that the complaint does not sufficiently state a

2

claim for relief.  Further, Defendant argues that Plaintiff did not exhaust her state administrative remedies on a number of her claims.

Plaintiff filed a Response (#24) on October 6, 2014.  Defendant's motion is fully briefed and ready to be ruled on.

ANALYSIS

In evaluating Defendant's motion for judgment on the pleadings, this court must determine whether "the complaint sets forth facts sufficient to support a cognizable legal theory." *Scherr v. Marriott Int'l, Inc.*, 703 F.3d 1069, 1073 (7th Cir. 2013).  In so doing, this court must take all well-pled allegations as true and draw all reasonable inferences in favor of the non-moving party. *Id.*  A motion for judgment on the pleadings is governed by the same standard that applies when reviewing a motion to dismiss for failure to state a claim. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009).  Thus, this court will grant the motion only if it appears beyond a doubt that the plaintiff cannot prove any facts that would support her claim for relief. *Id.*  Importantly, a plaintiff's obligation to provide the grounds for her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

Here, the facts show that Plaintiff applied for a job with Defendant and was not granted an interview.  Plaintiff's Complaint (#1) alleges that by not granting her an interview, Defendant was guilty of discrimination based on Plaintiff's age, race, sex,

and disability.  As the following will demonstrate, Plaintiff's complaint has failed to

sufficiently allege discrimination based on any of the above factors.

Age and Race Discrimination

Defendant argues that Plaintiff's age and race discrimination claims should be

dismissed because Plaintiff failed to allege those claims before the IDHR and EEOC.  A

review of Plaintiff's IDHR and EEOC claims makes it clear that Plaintiff did not allege

age or race discrimination prior to her complaint with this court.  Further, it is evident

that those claims are not "like or reasonably related to the allegations" in the EEOC

charges.  See *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir. 1985).  Therefore,

Plaintiff has not exhausted her claims of age and race discrimination and they cannot

proceed.  See 29 U.S.C. § 626(d); 42 U.S.C. § 2000e-5(e); *Weiss v. Coca-Cola Bottling Co. of

Chicago*, 990 F.2d 333, 337 (7th Cir. 1993) (allegations not contained in an EEOC charge

cannot be contained in the complaint).  As such, Defendant's request for judgment on

the pleadings is granted with respect to those claims.[1]

---

[1]This court notes that Plaintiff's age and race discrimination claims could also
have been dismissed based on the content of the pleading.  With regard to the claim of
age discrimination, Plaintiff states, in her Response (#24), that she is 36 years old.  As
such, she is not a member of a protected age group.  See 29 U.S.C. § 631(a) (protecting
individuals "at least 40 years of age").  Further, Plaintiff simply checked the box
indicating that she was discriminated against based on race, however, she failed to
include any facts alleging that Defendant knew her race or that it discriminated against
her because of her race.  Therefore, the pleading was insufficient.  See *Buchanan-Moore*,
570 F.3d at 827; *Twombly*, 550 U.S. at 555.

4

Sex Discrimination

Plaintiff's complaint also alleges discrimination based on her sex/gender. Specifically, Plaintiff checked the boxes denoting discrimination under Title VII of the Civil Rights Act of 1964 and under the Equal Pay Act. However, despite checking the boxes, Plaintiff failed to elaborate on these claims anywhere in the complaint. In fact, when instructed to briefly state the essential facts of her claim, Plaintiff did not include any reference to being discriminated against based on her sex. Importantly, Plaintiff has stated no facts which would prove either direct or indirect sex discrimination as required under Title VII. See *Hoffman-Dombrowski v. Arlington Intern. Racecourse, Inc.*, 254 F.3d 644, 650 (7th Cir. 2001). Further, Plaintiff has not demonstrated that she received unequal pay for equal work as required under the Equal Pay Act.[2] See 29 U.S.C. § 206(d)(1). Without any facts associated with the alleged sex/gender discrimination, this court must conclude that Plaintiff has failed to set forth facts sufficient to support a cognizable legal theory of sex discrimination and she cannot prove any facts that would support her claim. See *Buchanan-Moore*, 570 F.3d at 827. Therefore, this court grants Defendant's request for judgment on the pleadings with respect to Plaintiff's sex discrimination claims.

---

[2]It would likely be impossible for Plaintiff to prove discrimination under the Equal Pay Act since she was never offered a job or employed by Defendant.

5

Disability Discrimination

Plaintiff's final claim is for disability discrimination.  Plaintiff has raised

disability discrimination in both EEOC claims as well as the complaint before this court.

However, in order for this claim to proceed, the factual allegations contained in the

complaint must be enough to raise a right to relief above the speculative level.  *Pisciotta*

*v. Old Nat. Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007).  Plaintiff's complaint, therefore,

must allege enough facts to raise a reasonable expectation that discovery will reveal

evidence supporting the allegation that Plaintiff was not offered an interview because of

her disability.  See *Twombly*, 550 U.S. at 556.

In order to establish disability discrimination, Plaintiff must show that (1) she is

disabled within the meaning of the ADA; (2) she is qualified to perform the essential

functions of the job, either with or without a reasonable accommodation; and (3) she

suffered from an adverse employment action because of her disability.  *Hoppe v. Lewis*

*University*, 692 F.3d 833, 838-39 (7th Cir. 2012).  This court finds that Plaintiff's complaint

contains four facts related to her claim of disability discrimination: (1) Plaintiff applied

for a job with Defendant; (2) Plaintiff believed she was qualified; (3) Plaintiff did not get

an interview; and (4) Defendant knew that Plaintiff was discharged from the military

because of a disability.  At this point, this court must take all four facts as true.  See

*Scherr*, 703 F.3d at 1073.

6

After a careful and thorough review of the facts in Plaintiff's complaint, this court concludes that Plaintiff is simply alleging that she was qualified for a job and did not receive an interview.  Although the Americans with Disabilities Act ensures equal employment opportunities to individuals with disabilities, it does not guarantee such individuals a right to interview for every job they may qualify for.  See 42 U.S.C. § 12101.  Here, Plaintiff has not alleged sufficient facts to establish the requirements necessary for a finding of disability discrimination.  Further, the facts alleged are insufficient to support a reasonable expectation that discovery will reveal evidence supporting Plaintiff's claim.  See *Twombly*, 550 U.S. at 556.  Simply put, Plaintiff has failed to set forth facts sufficient to support a cognizable legal theory of disability discrimination.  See *Scherr*, 703 F.3d at 1073.  Therefore, Defendant is entitled to judgment on the pleadings for this claim.

### Conclusion

Having found that Plaintiff has either failed to exhaust or failed to state sufficient facts to support each claim in her complaint, this court concludes that Defendant is entitled to judgment on the pleadings.  Therefore, Defendant's Motion for Judgment on the Pleadings (#21) is GRANTED.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion for Judgment on the Pleadings (#21) is GRANTED.

(2) Judgment is entered in favor of Defendant and against Plaintiff.

(3) This case is terminated.


ENTERED this 20th day of October, 2014


s/COLIN S. BRUCE
U.S. DISTRICT JUDGE